UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN


JANETTE BERNARD
    Plaintiff

v.                                                                                                                       No. 1:09CV-00097-J

MICHAEL ASTRUE
    Commissioner of Social Security
    Defendant


**MAGISTRATE JUDGE'S REPORT**
**and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by M. Gail Wilson. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 12, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on March 12, 2009, by administrative law judge (ALJ) Ronald Kayser. In support of his decision denying Title II and Title XVI benefits, Judge Kayser entered the following numbered findings:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2001.

2. The claimant has not engaged in substantial gainful activity since December 15, 1998, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe combination of impairments: shortness of breath; ganglion cyst, left hand and tenosynovitis, left thumb; right lateral epicondylitis; lumbago; and significant obesity (20 CFR 404.1521 et seq. and 416.921 et seq.).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of medium work, that is, occasionally lift/carry 50 pounds; frequently lift/carry 25 pounds; sit two hours without interruption; stand one hour at a time and walk one hour at a time; sit a total of six hours out of an 8-hour day; stand five hours in an 8-hour work day and walk five hours in an 8-hour work day; frequent use of the right and left hands for reaching, handling, fingering, pushing and pulling; frequent use of the right and left foot for foot controls; occasionally climb ropes, scaffolds and ladders; frequently climb ramps and stairs and balance, kneel, stoop, crouch and crawl; frequently work around unprotected heights, moving machinery and motor vehicles; and tolerate exposure to humidity, wetness, dust, fumes and chemicals, temperature extremes and vibrations.

6. The claimant is capable of performing past relevant work as a sewing machine operator. this does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 1998 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Administrative Record (AR), pp. 357-364).

**Governing Legal Standards**

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of

evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

3

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant

4

physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Procedural history**

On February 13, 2006, Judge Kayser issued a prior decision in this case. Among other things, the ALJ found that the administrative record contained no probative medical evidence showing that the plaintiff's "alleged back problems" constitute a "medically determinable 'severe' impairment [having] more than a minimal effect on [her] ability to perform basic work-related activities" (AR, pp. 18-19). The ALJ found that the plaintiff has the following residual functional capacity (RFC) (Finding No. 5, AR, p. 19):

1. She can sit 6 hours in an 8-hour workday.

2. She can frequently balance, stoop, crouch, and kneel.

3. She can lift/carry 20 pounds occasionally and 10 pounds frequently.

4. She can occasionally handle with the right upper extremity.

5. She can stand/walk 6 hours in an 8-hour workday.

6. She cannot climb ropes, ladders, or scaffolds.

7. She can occasionally climb ramps, stairs, and crawl.

8. She must avoid concentrated dust, fumes and chemicals.

The ALJ found that, although the foregoing restrictions preclude performance of the plaintiff's past relevant work, other jobs exist in significant numbers in the national economy that are compatible with the foregoing restrictions. Hence, the plaintiff was found to be "not disabled."

On June 14, 2007, this court entered a memorandum opinion concluding that the ALJ's finding of no "severe" back impairment was not supported by substantial evidence in light of the medical evidence of record (*Bernard v. Commonwealth*, 1:06CV-00142-J, Docket Entry No. 14, copy at AR, pp. 380-383). Specifically, an MRI of the plaintiff's lumbar spine taken on September 19, 2004, revealed the following (AR, p. 269):

1. At L3-4 there is a small to moderate sized focal left postero-lateral disc protrusion causing mild to moderate left outlet foraminal narrowing.

2. Minimal to mild diffuse disc bulging at L4-5 and L5-S1. Mild foraminal narrowing at L5-S1.

3. There is a Tarlov cyst in the right margin of S2 measuring 2.5 cm x 2.3 cm x 2.6 cm.

Accordingly, this matter was remanded to the Commissioner for "further proceedings not inconsistent with the opinion herein." (remand judgment at Docket Entry No. 15). Following an administrative hearing at which Charles Hancock, M.D., testified as a medical expert, the ALJ issued his second decision (AR, pp. 355-364). The ALJ's revised RFC is substantially <u>less</u> claimant-favorable than the prior RFC, i.e., it indicates that the plaintiff has greater capacities and fewer restrictions. Specifically, the ALJ found as follows (Finding No. 5, AR, p. 359) *(prior RFC in italic)*:

1. She can sit 6 hours in an 8-hour workday. *Same as prior RFC.*

2. She can frequently balance, stoop, crouch, and kneel. *Same as prior RFC.*

3. She can lift/carry 50 pounds occasionally and 25 pounds frequently. *Previously, 20 pounds occasionally, 10 pounds frequently.*

6

4. She can frequently handle with the right upper extremity. *Occasionally handle.*

5. She can stand/walk 8 hours in an 8-hour workday, i.e., she can "sit two hours without interruption; stand one hour at a time and walk one hour at a time; stand five hours in an 8-hour work day and walk five hours in an 8-hour work day." *Stand/walk 6 hours per workday.*

6. She can occasionally climb ropes, ladders, or scaffolds. *Cannot.*

7. She can frequently climb ramps, stairs, and crawl. *Occasionally.*

8. She can tolerate exposure to dust, fumes and chemicals. *Must avoid.*

9. She can frequently use the right and left foot for foot controls. *A new capacity not previously recognized.*

The Appeals Council declined to disturb the ALJ decision, thereby rendering the ALJ's second decision the final decision of the Commissioner herein.

## Basis for revised RFC

The ALJ's decision reflects that he based his revised RFC finding primarily upon Dr. Hancock's testimony. The ALJ did <u>not</u> find a medical improvement of the plaintiff's impairments. On the contrary, Dr. Hancock's "comparison of the September 2004 lumbar MRI (the basis of [this court's] remand) with [a] more recent 2007 lumbar MRI showed these to be essentially the same" (AR, p. 361). Rather, the ALJ based his increased RFC on Dr. Hancock's testimony that the plaintiff's complaints and subjective limitations are and always have been inconsistent with the MRI and other medical evidence as a whole. Specifically, Dr. Hancock and the ALJ found as follows (AR, pp. 361-362):

1. No evidence of nerve root compression.

2. No facet and ligamentous hypertrophy.

3. The plaintiff "had right-sided complaints but the 2007 MRI showed most of her problems as left-sided, which [Dr. Hancock] designated as 'unusual' thereby suggesting a credibility issue."

4. The plaintiff was examined by Dr. Weidler. According to Dr. Hancock, there was "no evidence whatsoever" on the MRI's in support of Dr. Weidler's observation of "contralateral positive straight leg raising." Dr. Hancock was frankly "perplexed."

5. The plaintiff was also examined by Dr. Karandikar. Dr. Weidler observed a positive seated straight leg raising (SLR), and Dr. Karandikar reported a negative supine SLR. According to Dr. Hancock, a "positive seated SLR with a negative supine SLR reflects embellishment or malingering."

6. The plaintiff was also examined by Dr. Fritzhand. According to Dr. Hancock, the plaintiff's "most severe problem was at L3/4." Such a problem is associated with impaired patella tendon reflexes, yet Dr. Fritzhand observed "brisk" patella tendon reflexes with no atrophy.

7. The plaintiff complained of trigger thumb on the left and tennis elbow on the right. Dr. Hancock testified that "certainly there should be something in the examination of the upper limbs to called attention to such problems." Yet Dr. Weidler's notes reflected "normal examination of the upper limbs including no deformity, lesion, swelling tenderness or wasting."

### Case Law: *Hollins* and *Owens*

In *Hollins I*, the Commissioner found, among other things, that Ms. Hollins suffered from at least one "severe" physical impairment. The district court remanded the matter to the Commissioner to consider whether her mental impairment met or equaled Listing 12.05C. Upon remand, the ALJ somewhat gratuitously reconsidered the issue of Ms. Hollins' physical impairments and concluded that she had no "severe" physical impairment.

In *Hollins II*, Ms. Hollins argued that the Commissioner was bound by its prior determination of a "severe" physical impairment. The Sixth Circuit disagreed with Ms. Hollins for the following reasons (*Hollins v. Commissioner*, 2002 WL 31398968):

1. The ALJ was not bound by the prior decision based upon principles of administrative res judicata, collateral estoppel, claim preclusion, and/or issue preclusion because the plaintiff sought judicial review. 20 C.F.R. §§ 404.955 and 416.1555 provide, in pertinent part, as follows:

> The decision of the administrative law judge is binding on all parties to the hearing unless ... (b) you or another party requests a review of the decision by the Appeals Council within the stated time period, the Appeals Council denies your request for review, and you seek judicial review of your case by filing an action in Federal district court.

2. The ALJ was not bound by the prior decision based upon the "law of the case" doctrine, i.e., the legal effect of the terms of the district court's remand order, for the following reasons:

   a. The district court did not actually "issue[] a final decision on the merits regarding [Ms. Hollins'] physical impairments and residual functional capacity." "The merit of the ALJ's determination regarding Hollins's physical capacity was assumed for the purposes of evaluating [the Listing claim]." The "truth" of the ALJ's evaluation of her physical impairments was not "essential to the district court's holding."

   b. The ALJ was not limited to deciding "only the specific issues indicated in the district court's remand order," i.e., the Listing issue. "Reconsideration of Hollins's physical impairments was not inconsistent with any express or implied order of the district court."

9

c. The ALJ did not need the district court's authorization to reconsider the plaintiff's physical impairments because 20 C.F.R. §§ 404.983 and 416.1583 provide that, upon remand by a federal court, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."

By way of contrast, in *Owens v. Astrue*, 2009 WL 4395726, the district court for the middle district of Tennessee found that the ALJ did <u>not</u> adequately comply with its prior remand order. In *Owens*, the Commissioner was directed to "(1) reevaluate Dr. Jain's opinion and obtain additional medical information, if necessary; and (2) reevaluate and provide a comprehensive discussion of Plaintiff's credibility with reference to the administrative record." Upon remand, at the administrative hearing, the ALJ stated that he was "[n]ot really sure why" the court remanded the case and that the court "didn't really state in [its] decisions." The ALJ's written decision "does not mention Dr. Jain at all. It does not explain how or why the ALJ failed to take into account Dr. Jain's voluminous treatment records, nor is it clear to the Court that these records were reviewed or considered prior to issuing a decision." The matter was remanded "because the ALJ committed legal error in failing to comply with the mandate of this Court."

## Discussion

The plaintiff's first contention is that the ALJ erred in failing or refusing to follow this court's remand order when he once again found no "severe" back impairment. The argument has two sub-parts. 1) the "ALJ once again found that Ms. Bernard's back condition was not a severe impairment," notwithstanding the fact that 2) "[i]n the decision of this Court dated June 13, 2007, ALJ Kayser was directed to find that Ms. Bernard had a severe back impairment" (Docket Entry No. 12, pp. 2-3).

The magistrate judge agrees with the plaintiff that the ALJ did not explicitly find that her back impairment was "severe." However, it does not follow from this silence that the ALJ found the back impairment to be non-severe. Whereas in the prior decision the ALJ erred in finding the impairment to be non-severe, in the present decision, the ALJ refrained from placing a label of "severe" or "non-severe" on the impairment, analyzed the impairment in detail in light of Dr. Hancock's testimony, and reached an RFC that took into account the plaintiff's impairments as a whole. The magistrate judge concludes that this approach was not erroneous, nor did the court "direct" the ALJ to place a label of "severe" on the plaintiff's back impairment. On the contrary, the court's memorandum opinion states as follows:

> In most cases, the question of whether a condition is formally denominated "severe" is of little significance. If any impairment is found severe, the analysis is taken to the next step in the sequential, such that the mere failure to classify a second impairment severe is irrelevant, *so long as the actual impact of that impairment is considered as part of the whole.* Thus, to the extent that Ms. Bernard argues that failure to find her back impairment "severe" could in itself constitute reversible error, she is incorrect. In *Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

The court was troubled by the fact that "there is no indication in this case that the effects of any back problem were considered in any way." For the reasons indicated above, Dr. Hancock's testimony cured this defect. Therefore, the plaintiff's first argument is unpersuasive.

The plaintiff's second and final contention is that the ALJ erred in finding that her "RFC had actually improved" (Docket Entry No. 12, p. 7). As explained above, the ALJ did increase the plaintiff's RFC. However, the increase was not based upon a finding of medical improvement but rather upon Dr. Hancock's interpretation of the medical evidence. The

magistrate judge submits that the thrust of the plaintiff's arguments is that the "law of the case" doctrine bound the ALJ to his prior RFC finding. As stated earlier, the "law of the case" does not always bind the ALJ's decision on remand to every prior finding.

The undersigned concludes that this is not a case such as *Owens*, supra, in which the ALJ failed or refused to follow the court's explicit and clear instructions. On the contrary, this case was remanded, in somewhat generic and open-ended fashion, for "further proceedings not inconsistent with the opinion herein." Using the analytic framework discussed in *Hollins*, supra, we find nothing in the court's memorandum opinion indicating that the "truth" or falsity of the ALJ's RFC finding was "essential" to the court's conclusion that the ALJ erred in finding a non-severe back impairment or indicating that reconsideration of the RFC would be expressly or impliedly "inconsistent" with the court's logic. Therefore, the plaintiff's final argument is unpersuasive.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, any party shall have a period of fourteen (14) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each fourteen (14) day period above pursuant to Fed.R.Civ.P. 6(d), for a total of seventeen (17) working days.

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).